CHASEZ, Judge.
This is an appeal from a Juvenile Court proceeding in which the three appellants, Vanessa Randall, Ramona Williams and Eloise Moten were adjudged to be delinquent and released to the custody of their parents on probation.
*850 After an analysis of the testimony and briefs of both counsel we find the facts to be as follows: The matter originated when the mother of Vanessa Randall reported to the Juvenile Bureau of the New Orleans Police Department that her daughter was a runaway and was absenting herself from home without parental consent. Mrs. Randall furnished the authorities with the address at which she believed her daughter to be. Two officers were dispatched to apprehend the child and deliver her to the Juvenile Court for appropriate action. On arriving at the address furnished by Mrs. Randall, the two officers inquired as to whether the runaway girl was there. Eloise Moten, another juvenile, who allegedly lived at that address, asked the officers if they had a warrant. When the officers stated that they had no warrant they were refused admittance to the home. The officers then went to the home of Vanessa Randall to speak to her mother in order to ascertain whether they had been given the correct address. Mrs. Randall confirmed the address and showed the officers a photograph of her daughter to assist in the identification.
The officers then returned to the address, without getting either a search or arrest warrant. They went to the back door and entered the home without permission, alleging to have seen the runaway, Vanessa Randall, through the kitchen door.
The testimony as to what actually took place after that is somewhat in conflict. The girls testified that when the two policemen entered the house they mistook Eloise Moten for Vanessa Randall and told her to “get ready-' to come with them.” The girls were attired in gym suits, which necessitated a change of clothing. At this point Vanessa Randall entered the room where the policemen and Eloise Moten were and identified herself. The girls testified that Vanessa Randall was then told to get ready too. The police officers, on the other hand, claim to have arrested Vanessa Randall immediately. In either event, Vanessa Randall was directed to change her clothing in order to make the trip to the juvenile detention facility for further action as might be directed by the Juvenile Court.
After the Randall girl had changed her clothes and was being escorted through the house, Eloise Moten, according to the police officer, became violent in that she began cursing the officer and went into the kitchen where she removed a kitchen knife from a drawer and advanced toward the policeman. At this point the officer drew his service revolver as a defensive measure and managed to subdue the girl and placed her under arrest.
Eloise Moten and Vanessa Randall were handcuffed together and then Ramona Williams began cursing the officers. The officer then advised her that she too would be taken to the Juvenile Bureau for using obscene language to which she replied, “You’re not taking my friends to jail and not taking me neither.” A struggle ensued between one of the officers and the Williams girl. He called to the other officer to aid him in subduing the child. As the second officer came to the aid of the first, the two girls who were handcuffed together attempted to escape by running from the house. They were caught by one of the officers and all three were placed in the patrol car and taken to the Juvenile Bureau.
A single petition was filed in the Juvenile Court for the Parish of Orleans by C. J. Kerber, a probation officer of the Juvenile Court, naming all three juveniles and alleging as follows:
“That the above named juveniles * * *
* * * (names of parents omitted)
and which said children are within the jurisdiction of the Juvenile Court for the Parish of Orleans, State of Louisiana, in that they were alleged to be delinquent children, R.S. 13:1570, A. (5), by violating Louisiana Revised Statutes 14:108, relative to Resisting An Officer, by in *851 tentionally opposing, obstructing and acting violently towards Patn. B. J. Suggs and Patn. T. Legett, New Orleans Police Officers, acting in their official capacity, and authorized by law, to make lawful arrest, about 9:35 A.M. January 17, 1969 at the location of 2135 Whitney Avenue, Apt. 2-A, New Orleans, Louisiana, with full knowledge that said officers were acting in their official capacity. * *
After a hearing in Juvenile Court, all three were found delinquent on the foregoing petition and were:
“* * * committed to State Industrial School for Colored Youth, with no consideration for leave or parole for two years because of behavior at Youth Study Center and in the Courtroom.”
A writ of habeas corpus to this court was denied for failure of the juveniles to exhaust all legal remedies in the Juvenile Court. Thereafter a motion for a return of the juveniles to Juvenile Court for discharge or further disposition was filed in the Juvenile Court pursuant to LSA-R.S. 13:1572. The motion was granted and further hearing was had before another division of the Court. The adjudication of delinquency as to all three was upheld, but instead of recommitment to the Industrial School, all three were placed in the custody of their parents, to remain on probation under the supervision of the Juvenile Court, subject to further orders. This appeal is taken from that adjudication and disposition.
We are constrained to reverse the adjudication of delinquency on the petition filed. We base our judgment on the fact that the alleged delinquency of resisting officers and obstructing them in the discharge of their official duties was incident to an unauthorized entry without probable cause in violation of provisions of the Constitutions of the United States and Louisiana. We are cognizant of the fact that the officers were acting at the direction of the runaway girl’s mother and that they had every reason to believe that the runaway girl was present at the address, where she was indeed found to be.
However, under the guidelines established in both the Federal and State Constitutions, as interpreted by the United States Supreme Court, we must hold that when the officess entered into the home of Eloise Moten without a warrant, they exceeded their authority and encroached on the constitutionally protected right of privacy of the individuals in the home.
It seems clear that in order for the police to legally enter a home and make an arrest, a warrant should be gotten in all but certain extreme situations. The Louisiana Constitution provides:
“The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, shall not be violated, and no such search or seizure shall be made except upon warrant therefor issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.” La.Const. Art. 1 § 7.
The United States Supreme Court has held that Due Process and the Fourth Amendment require that when police officers enter a house to search for and arrest a person, they must have a warrant unless “exigent circumstances” require their immediate entry. McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948).
The fact that the persons involved in this case are juveniles rather than adults does not make this requirement any less applicable, for the Constitution states that “people” will be secure against unreasonable searches and seizures and the bare rudiments of due process would seem to guarantee this safeguard to juveniles as well as to adults. Neither are there any *852 “exigent circumstances” in this case to justify entry without a warrant.
Vanessa Randall was reported by her own mother as a runaway child, absenting herself from home without parental consent. The very fact of such behavior is so fraught with danger to a child that it requires no further comment. Because such behavior is recognized as contrary to the best interests of a child, the statute very wisely includes this as a cause which brings a child within the jurisdiction of the Juvenile Court. LSA-R.S. 13:1570, subd. A (3).
When a child is reported to the Juvenile Court in such condition or state of being, which is continuous in nature, a proceeding on a delinquency petition in the Juvenile Court is clearly authorized.
When a runaway child is reported by his parent or other custodian and the authority of the court is requested as an aid to the parent or other custodian in apprehending the child and in the interest of the child to protect him from the dangers inherent in such behavior, the officer may apprehend the child on the street or wherever he may be found without the necessity of a warrant since the nature of the delinquency is continuous and is in the process of commission wherever the child may be. The statutes covering this situation are peculiar to juveniles. There are no corresponding statutes in the criminal laws with respect to adults, but this is in a sense analogous to a misdemeanor being committed by an adult in the presence and knowledge of an officer who may then make an arrest without first obtaining a warrant. Therefore, it was not the arrest of Vanessa Randall without a warrant with which we find fault, but rather the entry into a private home in violation of the constitutional right of privacy of its occupants without sufficient showing of emergency, or the child’s need of protection, to justify entry without the proper authority of the Court.
Since the entry into the Moten house was illegal, the allegation of delinquency based on resisting an officer acting in his official capacity must necessarily fall. For the same reason the adjudication of delinquency must be held to have been erroneous and must be set aside. Had the Randall child been presented to the court on a delinquency petition, based upon her absenting herself from home without parental consent, the result might be different, at least with regard to her. She may still be subject to the jurisdiction of the Juvenile Court on such a petition if present conditions indicate; nor does this opinion preclude further proceedings in the interest of the other two juveniles if present conditions indicate that such would be in their best interest within the purpose and intendment of the Juvenile Court Statutes.
In any event, the adjudication of delinquency based on resisting an officer must be annulled and set aside.
For these reasons the adjudication of delinquency and the order of the court placing the juveniles on probation under the supervision of the probation department are annulled and set aside. It is now ordered and decreed that the juveniles, Vanessa Randall, Ramona Williams and Eloise Moten, be released from probation supervision and the petition of delinquency dismissed.
Reversed and rendered.