869 P.2d 224

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Jackie Carl CURL, Defendant–
Respondent.**

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Kimberly J. McCURDY, Defendant–
Respondent.**

Nos. 19499, 19538.

Supreme Court of Idaho,
North Idaho, May 1993 Term.

Sept. 1, 1993.

Larry EchoHawk, Atty. Gen., and Thomas P. Watkins, Deputy Atty. Gen., Boise, for appellant. Thomas P. Watkins argued.

Gregory A. Jones, Kootenai County Public Defender, Coeur d'Alene, for respondents.

BISTLINE, Justice.

This case requires us to determine whether the threat of destruction of evidence in connection with the offense of possession of marijuana constitutes exigent circumstances sufficient to overcome the Fourth Amendment's general prohibition against warrantless residential searches.

## BACKGROUND AND PRIOR PROCEEDINGS

Officer Gerald Evensizer entered an apartment building to serve an arrest warrant on a second floor resident. He observed respondent Jackie Carl Curl exit from another apartment on the second floor, followed by a puff of white smoke emanating from the interior of the apartment. Evensizer believed that the odor coming from that apartment was that of freshly burning marijuana.

Curl walked down the hallway toward Evensizer. When Curl approached within ten feet and saw the officer, he stopped abruptly, hesitated for a moment, spun around, and ran back to the apartment from which he had left. Evensizer ran after Curl, identified himself as a police officer, paused briefly, pushed the door open, and entered the apartment. Several people were inside, including Curl and respondent Kimberly J. McCurdy. Evensizer seized certain evidence and cited Curl and McCurdy with possession of marijuana, in violation of I.C. § 37–2732(c)(2), and possession of drug paraphernalia, in violation of I.C. § 37–2734A(1), both misdemeanors.

Curl and McCurdy filed motions to suppress all evidence obtained after Evensizer

entered the apartment, contending that the entry was illegal. A hearing was held, in which Evensizer testified that he was experienced in identifying marijuana and that based upon his training and experience, he was concerned that the evidence would be destroyed if he waited to get a warrant.

The magistrate found that the threat of destruction of evidence was present but then found that in light of the fact that Curl and McCurdy were charged with misdemeanors, the State had not carried its burden of demonstrating exigent circumstances necessary to justify a warrantless residential entry.

The State of Idaho appealed the magistrate's decision to the district court, which affirmed. The State then appealed to this Court.

### DISCUSSION

■ The issue presented on appeal is whether Evensizer's warrantless entry into a private residence violated the Fourth Amendment of the United States Constitution. More specifically, the question is whether the State sustained its burden of justifying a warrantless entry into a residence by demonstrating probable cause coupled with exigent circumstances. As discussed below, we conclude that the possibility of destruction of evidence is not sufficiently exigent when the underlying crime charged is of a non-violent nature. We accordingly affirm the magistrate court and in turn the district court.

■ Any analysis of an officer's warrantless entry into a private dwelling must begin with the recognition that a warrantless entry into a private residence is presumptively prohibited by the Fourth Amendment. *Payton v. New York*, 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980); *Welsh v. Wisconsin*, 466 U.S. 740, 749, 104 S.Ct. 2091, 2097, 80 L.Ed.2d 732 (1984). This presumption is a strong one. *Welsh*, 466 U.S. at 749–750, 104 S.Ct. at 2097 ("[T]he police bear a

heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests."). The only manner in which the government can justify such an entry is to show that the entry was based upon probable cause *and* that exigent circumstances existed necessitating immediate police action. *Payton*, 445 U.S. 573, 100 S.Ct. 1371 (1983). There can be no question that the exception does not swallow the rule—exceptions to the warrant requirement for home entries are "few in number and carefully delineated.... Indeed, the [United States Supreme] Court has recognized only a few such emergency conditions." *Welsh*, 466 U.S. at 750, 104 S.Ct. at 2097; *see also State v. Wren*, 115 Idaho 618, 622, 768 P.2d 1351, 1355 (Ct.App.1989).

With the above United States Supreme Court pronouncements firmly in mind, we turn to an analysis of the State's arguments. The State contends that the magistrate court erred by relying too heavily upon the fact that the offense underlying the officer's entry and subsequent search of the room, marijuana possession, was a misdemeanor. We must thus examine the role that the severity of the underlying offense plays in determining whether sufficient exigent circumstances exist to justify a warrantless residential entry..

■ There is no question but that the severity of the offense which the officer believes to be in progress, when he concludes a warrantless entry is justified, is a factor to be given considerable weight when contemplating the existence and extent of exigent circumstances.[1] In *Welsh*, the United States Supreme Court held that because the offense underlying the warrantless residential entry (there consisting of driving under the influence, then an infraction in Wisconsin) was a "relatively minor" one, the presumption of unconstitutionality was not overcome merely by the threat of destruction of evidence. The unescapable conclusion that we must draw from *Welsh* is that if an offense falls within

---

1. We are aware, as the State points out, that reliance upon this factor has been criticized. *See, e.g., Welsh*, 466 U.S. 740, 104 S.Ct. 2091 (White, J., dissenting). Nevertheless, the *Welsh* majority opinion clearly holds that gravity is an important factor. Too, there is a certain common-sense facet to the gravity factor. Preventing someone from disposing of or hiding a murdered corpse is clearly much more of an emergency than keeping someone from flushing a few ounces of marijuana or other controlled substances down a toilet.

the category of "relatively minor" offenses, 466 U.S. at 750, 104 S.Ct. at 2098, the fact that the defendant will almost certainly destroy the relevant evidence is simply not enough of an exigency to justify a warrantless entry into the home. As the *Welsh* Court declared, "When the government's interest is only to arrest for a minor offense, that presumption of unreasonableness is difficult to rebut, and the government usually should be allowed to make such arrests only with a warrant issued upon probable cause by a neutral and detached magistrate." 466 U.S. at 750, 104 S.Ct. at 2098 (footnote omitted).

The question next becomes, what constitutes a "relatively minor" offense. Both the State and the defense recognize the need for some sort of bright-line test that law enforcement officers may apply when deciding whether to enter a residence without a warrant. The *Welsh* Court somewhat suggests, but stops short of declaring, that the line should be drawn between felonies and misdemeanors or other lesser charges.[2] Moreover, several state courts appear to have applied such a distinction.[3] *See, e.g., State v. Ramirez*, 49 Wash.App. 814, 746 P.2d 344 (1987) (possession of marijuana).

We are in accordance with the State's argument that the distinction between felonies and misdemeanors is not the desired distinction for several reasons. It is often difficult for an officer to determine whether the underlying offense is a felony or misdemeanor. For instance, in the case *sub judice*, had Curl and McCurdy possessed more than three ounces of marijuana, this possession would have amounted to a felony. Moreover, while it is perfectly within the legislature's right to determine at what point an offense becomes a felony, drawing a distinction between three

and four ounces does not make much sense when it comes to determining whether sufficient exigency exists.

A more workable distinction as to the gravity of the offense factor is between violent and non-violent offenses. This distinction finds its roots in Justice Jackson's concurrence in *McDonald v. United States*, 335 U.S. 451, 459–60, 69 S.Ct. 191, 195, 93 L.Ed. 153 (1948), which was quoted with approval in *Welsh:*

> Whether there is reasonable necessity for a search without waiting to obtain a warrant certainly depends somewhat upon the gravity of the offense thought to be in progress as well as the hazards of the method of attempting to reach it. . . . It is to me a shocking proposition that private homes, even quarters in a tenement, may be indiscriminately invaded at the discretion of any suspicious police officer engaged in following up *offenses that involve no violence or threats of it.* While I should be human enough to apply the letter of the law with some indulgence to officers *acting to deal with threats or crimes of violence which endanger life or security,* it is notable that few of the searches found by this Court to be unlawful dealt with that category of crime. . . . While the enterprise of parting fools from their money by the 'numbers' lottery is one that ought to be suppressed, I do not think its suppression is more important to society than the security of the people against unreasonable searches and seizures.

*Welsh*, 466 U.S. at 751, 104 S.Ct. at 2098 (emphasis added). And, as Judge Burnett cogently explained in *Wren,*

> In some cases the 'gravity' of the offense may be reflected in its violent or threaten-

2. The majority in that case notes, in a footnote referring to the government's interest in arresting for a minor offense: "[e]ven the dissenters in Payton, although believing that warrantless home arrests are not prohibited by the Fourth Amendment, recognized the importance of the felony limitation on such arrests." *Welsh*, 466 U.S. at 750, 104 S.Ct. at 1098. The dissenters nonetheless note that "[t]his problem [the uncertainty of officers in the field] could be lessened by creating a bright-line distinction between felonies and other crimes, but the Court—wisely in my view—does not adopt such an approach."

*Welsh*, 466 U.S. at 761, 104 S.Ct. at 2103 (White, J., dissenting).

3. Presently there does not appear to be a post-*Welsh* Idaho Supreme Court case that has addressed the issue of the role of the gravity of the underlying offense. In *State v. Hoak*, this Court held only that the facts did not support a reasonable belief on the part of the officers that unless they acted evidence would be destroyed. *State v. Hoak*, 107 Idaho 742, 749, 692 P.2d 1174, 1181 (1984). Thus, no analysis of *Welsh* was undertaken.

ing nature. Violent conduct may be considered, along with other facts, in assessing a risk of imminent harm to police officers, or to others, if an arrest is delayed while awaiting a warrant. This is the meaning we ascribe to the *Welsh* court's reference to the 'gravity' of the offense.

115 Idaho at 622 n. 4, 768 P.2d at 1355 n. 4.

The crime of which Evensizer suspected Curl—marijuana possession—while indubitably a crime in this state, is not a violent offense. We do not thereby imply that prosecuting drug offenses is not important. Nonetheless, when the sanctity of home and security of a person is implicated by a failure to obtain a warrant, we agree with the Court of Appeals in *Wren* that "[t]he unifying question, in determining whether exigent circumstances exist, is whether the facts reveal 'a *compelling* need for official action and no time to secure a warrant.'" 115 Idaho at 624, 768 P.2d at 1357, quoting from *Michigan v. Tyler*, 436 U.S. 499, 509, 98 S.Ct. 1942, 1949, 56 L.Ed.2d 486 (1978) (emphasis added).

This is not to say that the gravity of the underlying offense is the sole factor in determining whether exigent circumstances exist sufficient to justify a warrantless entry. If, for instance, a person is known to have committed a non-violent offense and the officer possesses a reasonable belief that other exigencies exist, for instance, that the person is armed, such would seem to amount to exigent circumstances. But when the only concern is destruction of evidence, the offense must be sufficiently grave, *i.e.*, a violent offense, be it misdemeanor or felony.

The State contends that the magistrate judge erred in considering gravity of the underlying offense as the sole criterion for dismissing the State's charges against Curl and McCurdy. Assuming, arguendo, that the State's argument contains merit where an order of a court is correct but based upon an erroneous theory, this Court will affirm upon the correct theory. *See Idaho Schools for Equal Educational Opportunity v. Evans*, 123 Idaho 573, 580, 850 P.2d 724, 731 (1993), citing *Andre v. Morrow*, 106 Idaho 455, 459, 680 P.2d 1355, 1359 (1984). As the district court noted, there was absolutely no hint in the record or in the parties' briefs of any potential exigency, apart from the threat of evidence destruction. And, as discussed above, under *Welsh* it is clear that when an offense falls within the category of "relatively minor," probable destruction of evidence in and of itself will not support a warrantless entry into the home.

Because Evensizer's warrantless entry into the apartment violated the Fourth Amendment, all fruits derived from that poisonous tree must be suppressed. *See Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963). Accordingly, we affirm the magistrate court's suppression of the evidence obtained as a result of the entry. We also affirm the district court judgment upholding the decision of the magistrate.

McDEVITT, C.J., and JOHNSON, TROUT and SILAK, JJ., concur.