925 P.2d 1131

STATE of Idaho, Plaintiff–Respondent,

v.

Joel SAILAS, Defendant–Appellant.

No. 21905.

Court of Appeals of Idaho.

Sept. 20, 1996.

Rehearing Denied Oct. 30, 1996.

Petition for Review Denied Nov. 22, 1996.

Jonathan B. Hull, Kootenai County Public Defender; J. Bradford Chapman, Deputy Public Defender (argued), Coeur d'Alene, for defendant–appellant.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General; Thomas R. Vaughn, Legal Intern (argued), Boise, for plaintiff–respondent.

LANSING, Judge.

This appeal requires that we determine whether there existed circumstances that justified police officers' warrantless entry into the defendant's apartment when the police responded to a call regarding a domestic disturbance. We conclude that the "exigent circumstances" exception to the Fourth Amendment's warrant requirement applies here. Accordingly, we affirm the district court's denial of the defendant's motion to suppress the evidence acquired by police following their entry.

## FACTS

Joel Sailas was charged with possession of a controlled substance, methamphetamine, I.C. § 37–2732(c). He filed a motion to suppress evidence of the methamphetamine on the ground that this evidence was the product of police officers' warrantless entry into Sailas's home in violation of constitutional guarantees against unreasonable searches. According to evidence presented at the suppression hearing, the following events led to police officers' discovery of the drug in Sailas's possession.

Officer Becky Thomas of the Post Falls Police Department responded to a report of a domestic disturbance at the apartment where Sailas and his girlfriend, Brenda Desjardins, were residing. On approaching the apartment building, Thomas could hear yelling and screaming coming from the apartment. Thomas knocked on the door, and Desjardins answered. When Desjardins opened the door, she stepped back and gestured with her hand in a manner that Thomas interpreted to be an invitation to enter. Desjardins had blood on her nose and hands. From Officer Thomas's vantage point at the open door, she could see Sailas and a small child inside the apartment. Desjardins said that she and Sailas had been fighting, that everything was now fine, that she had asked Sailas to leave, and that she did not need the assistance of the police. Nevertheless, Thomas entered the apartment and spoke to Sailas, who had continued shouting at Desjardins. She directed Sailas to sit down at a table and calm down. Officer Thomas testified that her entry was prompted by concerns about the safety of both herself and the occupants of the apartment.

One to two minutes later Sergeant H. Patrick Kenner, also a Post Falls police officer, arrived on the scene as backup for Thomas. The argument between Sailas and Desjardins was continuing, and as Kenner approached the apartment, he could hear Sailas shouting and making threats of harm against Desjardins. The apartment door was ajar, and

434

when Kenner knocked, Officer Thomas opened the door farther to admit him.

Thomas asked Sailas to produce his driver's license for identification. When he did so, Kenner could see in Sailas's wallet a bindle of the type used for carrying illegal narcotics. After Sailas attempted to dump the contents of the bindle on the floor, he was arrested on suspicion of possession of a controlled substance. The contents of the bindle were later identified to be methamphetamine.

On Sailas's subsequent motion to suppress, he argued that Officer Thomas's warrantless entry into his apartment violated his Fourth Amendment right to be free from unreasonable searches and seizures.[1] He also contends that Sergeant Kenner's entry was "tainted" because it occurred as a result of the earlier unlawful conduct of Thomas. The district court found, however, that Desjardins' gesture when she opened the door impliedly invited Thomas to enter the apartment and that Desjardins thereby consented to the entry. The court also held that even if consent was not given, exigent circumstances justified the officers' entry to prevent violence. Sailas's motion to suppress was denied accordingly.

## ANALYSIS

In an appeal from the denial of a motion to suppress evidence, we accept the district court's factual findings unless they are clearly erroneous. However, we independently evaluate whether constitutional requirements have been satisfied in light of facts found. *State v. Weber,* 116 Idaho 449, 452, 776 P.2d 458, 461 (1989); *State v. Rusho,* 110 Idaho 556, 716 P.2d 1328 (Ct.App.1986).

The portion of the Fourth Amendment that is pertinent to Sailas's claim in this appeal states, "The right of the people to be secure in their ... houses, ... against unreasonable searches and seizures, shall not be violated...." That language, the United States Supreme Court has said, establishes

that, "the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion" stands at "the very core" of the Fourth Amendment. *Payton v. New York,* 445 U.S. 573, 589–90, 100 S.Ct. 1371, 1382, 63 L.Ed.2d 639 (1980), *quoting Silverman v. United States,* 365 U.S. 505, 511, 81 S.Ct. 679, 682–83, 5 L.Ed.2d 734, (1961). Any analysis of an officer's warrantless intrusion into a residence begins with recognition that such an entry is presumptively unreasonable and prohibited by the Fourth Amendment. *Welsh v. Wisconsin,* 466 U.S. 740, 748, 104 S.Ct. 2091, 2096–97, 80 L.Ed.2d 732 (1984); *Payton v. New York,* 445 U.S. 573, 586, 100 S.Ct. 1371, 1380, 63 L.Ed.2d 639 (1980); *State v. Curl,* 125 Idaho 224, 225, 869 P.2d 224, 225 (1993), *cert. denied,* 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 646 (1994).

There exists an exception to the warrant requirement, however, for entries that are necessitated by "exigent circumstances." *Michigan v. Tyler,* 436 U.S. 499, 509, 98 S.Ct. 1942, 1949–50, 56 L.Ed.2d 486, (1978); *Welsh,* 466 U.S. at 749, 104 S.Ct. at 2097; *Curl,* 125 Idaho at 225, 869 P.2d at 225. In determining whether exigent circumstances exist, the inquiry is "whether the facts reveal 'a compelling need for official action and no time to secure a warrant.'" *State v. Wren,* 115 Idaho 618, 624, 768 P.2d 1351, 1357 (Ct.App.1989), *quoting Michigan v. Tyler,* 436 U.S. at 509, 98 S.Ct. at 1949. *See also Curl,* 125 Idaho at 227, 869 P.2d at 227. The police "bear a heavy burden ... to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh,* 466 U.S. at 749–50, 104 S.Ct. at 2097.

The State posits that the requisite compelling need was present here because there was a risk of further injury to Desjardins or injury to the child if the police waited to secure a warrant before entering Sailas's apartment. The State's point is well taken. The United States Supreme Court has indi-

[1]. In his motion to suppress and in this appeal, Sailas has invoked the protections of both the Fourth Amendment and Art. I, § 17 of the Idaho Constitution. However, Sailas has made no argument that the Idaho constitutional provision should be interpreted to provide protection broader than that afforded by the Fourth Amendment. Therefore, we do not separately address the Idaho Constitution.

cated that exigent circumstances justifying a warrantless entry include "the risk of danger to the police or to other persons inside or outside the dwelling." *Minnesota v. Olson,* 495 U.S. 91, 100, 110 S.Ct. 1684, 1690, 109 L.Ed.2d 85 (1990), *quoting State v. Olson,* 436 N.W.2d 92, 97 (Minn.1989). The Idaho Supreme Court has also stated that the need to "protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency." *State v. Monroe,* 101 Idaho 251, 254, 611 P.2d 1036, 1039 (1980), *vacated and remanded,* 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 385 (1981), *quoting Wayne v. United States,* 318 F.2d 205, 212 (D.C.Cir., 1963) (Burger, J., concurring), *cert. denied* 375 U.S. 860, 84 S.Ct. 125, 11 L.Ed.2d 86 (1963).[2] In this case, as Officer Thomas approached the apartment she could hear Sailas and Desjardins arguing angrily in loud voices. When she spoke to Desjardins at the threshold of the apartment, Officer Thomas could see that Desjardins had already been bloodied, presumably by Sailas. Thomas could also see a small child in the apartment who was at risk of becoming the victim of a violent outburst if the charged atmosphere were not diffused.

Sailas maintains, however, that any perception of imminent danger, which Officer Thomas might otherwise have reasonably held, was dispelled when Desjardins said that "everything is fine" and indicated that she did not need help from the police. We are not persuaded, however, that the officer was obligated to take Desjardins' statements at face value. When a law enforcement officer has interrupted a domestic dispute that has already grown violent, the officer can reasonably suspect that such a statement by an injured victim is prompted by duress or fear of retaliation from the perpetrator who is still present.

We observe also that the intrusiveness of the police officers' conduct was limited. They took only such action as was necessary to calm the combatants, ascertain their identity and prevent further physical harm.[3] Neither officer acted outside the scope of the justification for the entry.

Accordingly, we are in agreement with the district court's determination that the circumstances known to Officer Thomas immediately before she entered the apartment—a violent fight in progress with one participant already having been injured, the presence of a small child who could be victimized, and the consequent risk of bodily harm to one or more occupants of the apartment if the police did not intervene—constituted an exigent circumstance that justified Thomas's entry for the purpose of preventing further violence.[4]

**2.** In *State v. Monroe,* 101 Idaho 251, 611 P.2d 1036 (1980), the Supreme Court of Idaho affirmed the defendant's conviction for first degree murder, holding that a warrantless police entry into the defendant's home was justified by exigent circumstances, *id.* at 254–55, 611 P.2d at 1039–40, and that the defendant's confession was lawfully obtained. *Id.* at 259, 611 P.2d at 1044. The United States Supreme Court granted a petition for writ of certiorari, vacated the judgment and remanded the case for reconsideration on the issue of the admissibility of the confession in light of *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981). *See Monroe v. Idaho,* 451 U.S. 1014, 101 S.Ct. 3001, 69 L.Ed.2d 385 (1981). On remand, the Idaho Supreme Court issued a new opinion vacating Monroe's conviction on the ground that his confession was the product of unlawful custodial interrogation. *State v. Monroe,* 103 Idaho 129, 645 P.2d 363 (1982). That portion of the Idaho Supreme Court's original *Monroe* opinion that addresses exigent circumstances became dicta upon the issuance of the second opinion. Nonetheless, it remains a persuasive expression

of the Idaho Supreme Court's view regarding the risk of injury as an exigent circumstance.

**3.** Sailas does not contest the officers' right to ask that he produce identification. In *State v. Godwin,* 121 Idaho 491, 826 P.2d 452 (1992), the Idaho Supreme Court held that, in the context of contact with a motorist, "whether the stop is to enforce the traffic laws or to carry out the officer's community caretaker function, an officer should be allowed to identify, with certainty, the person with whom he is dealing. This is necessary to protect himself and other officers from danger, to accurately prepare any required reports concerning his contact with the motorist, and to allow the officer to adequately respond to allegations of illegal conduct or improper behavior." *Id.* at 495, 826 P.2d at 456, *quoting State v. Godwin,* 121 Idaho 517, 520, 826 P.2d 478, 481 (Ct.App.1991).

**4.** In cases where police entry of a dwelling was made in order to effectuate an arrest or to prevent the destruction of evidence, it has been stated that the warrantless intrusion could be

The order of the district court denying Sailas's motion to suppress evidence is affirmed.

WALTERS, C.J., and PERRY, J., concur.

justified only if there existed *both* exigent circumstances *and probable cause.* E.g., *Welsh,* 466 U.S. at 749, 104 S.Ct. at 2097; *Curl,* 125 Idaho at 225, 869 P.2d at 225. However, many legitimate objectives other than effectuating an arrest or preserving evidence may motivate an officer's entry into a home. *See generally,* 3 Wayne R. LaFave, SEARCH AND SEIZURE § 6.6 (enumerating some of the many purposes, other than an arrest or a search for evidence, which may justify a police intrusion into a dwelling without a warrant). In this case there is no testimony that Officer Thomas entered the apartment with a present intent to arrest Sailas or to preserve evidence. Rather, it is apparent that Thomas intended to stop the fight and to ascertain facts to determine whether an arrest was appropriate. Therefore, the "probable cause" element, insofar as it refers to probable cause to arrest or search, is inapplicable and superfluous to our review of the police conduct in this instance.