950 P.2d 1283

STATE of Idaho, Plaintiff–Respondent,

v.

David Gordon SPANGLER,
Defendant–Appellant.

No. 23280.

Court of Appeals of Idaho.

Dec. 18, 1997.

Sallaz Law Offices, Chtd., Boise, for appellant. Patrick F. Kiernan argued.

Alan G. Lance, Attorney General; Kenneth M. Robins, Deputy Attorney General (argued), Boise, for respondent.

SCHWARTZMAN, Judge.

David Gordon Spangler was found guilty by a jury of felony operating a motor vehicle while under the influence of alcohol. On appeal, Spangler asserts that the district court erred in denying his motion to suppress all evidence obtained by a police officer while on his business premises. We affirm the district court's denial of the motion to suppress.

## I. Facts And Procedural Background

On January 23, 1996, Spangler was driving in the lefthand lane on Fairview Avenue in Boise at approximately 2:00 a.m. An Ada County Sheriff's deputy was driving behind him and noticed Spangler drift several times from the left lane into the right lane and then swerve back into the left lane. Spangler made a sharp left hand turn into the parking lot of his business, Spangler Auto Body. The deputy activated his overhead lights and pulled in just as Spangler exited his vehicle and began walking to the garage doors. The officer followed right behind and twice asked him to stop and talk, but Spangler ignored him and entered the business.

The deputy then stepped into the open garage and asked Spangler to come with him, show his driver's license and registration and perform some sobriety tests. Spangler protested, but did leave the building. Spangler tried several times to re-enter the business, but was stopped by the deputy and another officer who had joined them by that time. During this period, Spangler was yelling at the officers and telling them to get off his private property. Finally, Spangler calmed down, performed the sobriety tests, and was subsequently arrested for driving under the influence.

Prior to trial, Spangler filed a motion to suppress, asserting that his constitutional rights under the provisions of both the Unit-

ed States and Idaho Constitutions had been violated. After an evidentiary hearing, the district court issued a written decision denying the motion to suppress. Spangler was eventually found guilty by a jury and thereafter sentenced. He appeals only the suppression issues.

## II.   Standard Of Review

In an appeal from the denial of a motion to suppress evidence, the appellate court accepts the district court's factual findings unless they are clearly erroneous. However, the appellate court will independently evaluate whether constitutional requirements have been satisfied in light of the facts found by the district court. *State v. Sailas,* 129 Idaho 432, 434, 925 P.2d 1131, 1133 (Ct.App.1996); *State v. Weber,* 116 Idaho 449, 452, 776 P.2d 458, 461 (1989); *see also, State v. Atkinson,* 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct.App.1996).

## III.   Analysis

Spangler concedes that the district court's factual findings are not clearly erroneous. Thus, we accept the district court's determination that when the deputy first spoke to Spangler, prior to Spangler's entry into his garage, he "was right behind him and smelled the odor of alcohol."

Based upon this factual scenario, the district court concluded that the deputy had a valid reason to stop and detain Spangler in the parking lot, as he had not only committed several traffic infractions, but might be intoxicated as well. *See Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The district court's decision then reads as follows:

> The question in this case is whether, once a law enforcement officer has a valid reason to make a *Terry* stop and does so, if the defendant ignores his instructions and enters into a business, may the officer follow after him and request that he speak with him.
> * * *
> In this case the officer made a very limited entry into the open garage door of a business while following someone whom he had directed to stop. He requested the defendant to come out and provide information

and perform tests. The defendant had ignored the officer's earlier request, made outside the building, to stop. The level of the intrusion was small. The door of the business was open. .... Stepping into the open garage door of a business, even when the it [sic] is not during business hours, and asking that the defendant come out, although he had apparently retreated there to avoid speaking to an officer does not seem much more intrusive than knocking on a door and asking to speak to someone inside.

We agree and hold that the limited entrance into Spangler's business premises was constitutionally permissible. The Idaho Supreme Court's recent decision in *State v. Manthei,* 130 Idaho 237, 939 P.2d 556 (1997), provides material guidance. In *Manthei,* a police officer knocked on the door of a residence to serve a summons on a woman he believed lived there. Manthei answered the door and informed the officer that the woman had moved out. As the officer spoke to Manthei, he noticed the top of a syringe protruding from Manthei's shirt pocket. The officer then asked Manthei to step outside, but Manthei swore and attempted to slam the door. The officer stopped the door and entered the home in pursuit of Manthei, who had headed toward the kitchen. As the officer entered the kitchen he noticed that Manthei had the syringe in the sink and appeared to be squirting its contents down the drain. The officer then placed Manthei under arrest.

The Idaho Supreme Court held that upon the officer's observation of the syringe protruding from Manthei's pocket, given his extensive past experience with identifying drug paraphernalia, he had a "reasonable, articulable suspicion that a crime was being committed or was about to be committed in his presence and that he had the authority to detain Manthei under *Terry.*" *Manthei,* 939 P.2d at 558. Having determined that the officer properly initiated a *Terry* stop, the Supreme Court then ruled that the officer could also follow Manthei into the residence to complete the detention without violating the Fourth Amendment:

... Manthei was standing in the threshold of an open doorway when [the officer] developed the reasonable, articulable suspicion necessary to justify a *Terry* stop. He asked Manthei to step outside, at which point Manthei failed to comply and tried to shield the syringe from [the officer's] view. When [the officer] then ordered Manthei to step outside, Manthei swore at [the officer] and tried to slam the door. At that point in time, Manthei was not free to close the door and go about his business.

*Manthei,* 939 P.2d at 559.

In the instant case, the deputy first asked Spangler to stop just after he had stepped out of his vehicle and was walking toward his business garage. At this point, based upon the deputy's prior observation of Spangler's traffic infractions, coupled with his detecting the odor of alcohol, the deputy had a reasonable, articulable suspicion that Spangler might be intoxicated as well. Thus, under *Terry,* the deputy had the legal authority to fully detain Spangler for an investigatory stop. When Spangler ignored the deputy's requests to stop,[1] *Manthei* instructs that the deputy could then legally enter the open garage to complete the *Terry* detention of Spangler. To permit Spangler to retreat into his business at this point, when he knew he was being detained and was not free to go, would defeat the very purpose of a *Terry* stop. . *See Manthei,* 939 P.2d at 559;[2] *see also State v. Zubizareta,* 122 Idaho 823, 827, 839 P.2d 1237, 1241 (Ct.App.1992) ("In a *Terry* stop, the officer communicates to the detainee, either orally or through a show of force or authority, that he is not free to go about his business."); *cf. State v. Wren,* 115 Idaho 618, 768 P.2d 1351 (Ct.App.1989) (where defendant who was previously on open porch and then pursued into his house, the court notes that the critical question is whether the officers attempted to arrest or detain defendant on the porch prior to his entry into the home).

Finally, we wish to emphasize that the scope of entry in this case was *far less intrusive* than in *Manthei:* Spangler's business was not searched and the deputy made only a very limited intrusion into the open garage of the auto body business to request that Spangler come out. We therefore hold that the limited entry was constitutionally justified to further an investigative detention and possible arrest for driving under the influence of alcohol.

Accordingly, the district court correctly denied Spangler's motion to suppress, and we affirm the decision of the district court.

LANSING, C.J., and PERRY, J., concur.

---

1. We note that Spangler could also have been charged with obstructing a police officer under I.C. § 18–705.

2. The opinion cites *United States v. Santana,* 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976), which held that when an arrest based upon probable cause is initiated while the suspect is in a public place, the suspect cannot avoid arrest by retreating into a private place. By a parity of reasoning, the Idaho Supreme Court held that there is no reason to distinguish between the situation presented in *Santana* and the one in *Manthei,* i.e. where the officer enters into a residence to complete a *Terry* stop.