979 P.2d 624

STATE of Idaho, Plaintiff–Respondent,

v.

Charles Eugene HALL, Defendant–Appellant.

No. 24230.

Supreme Court of Idaho,
Boise, January 1999 Term.

March 16, 1999.

Rehearing Denied July 7, 1999.

Ellsworth, Kallas, P.L.L.C., Boise, for appellant.

Hon. Alan G. Lance, Attorney General; Kimberly A. Coster, Deputy Attorney General, Boise, for respondent.

KIDWELL, Justice.

Charles Eugene Hall appeals from the district court's denial of his motion to suppress evidence of drug activity that was found in his motel room as a result of a forcible entry under a warrant of attachment. Hall pled guilty to several drug-related offenses but reserved his right to appeal the denial of his motion to suppress. We reverse.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Charles Eugene Hall was a registered guest at a Boise motel. The assistant manager of the motel, who suspected that drug activity was occurring in Hall's room, summoned police on the night of February 25, 1997. Detective Tudbury of the Boise Police Department responded. Tudbury observed Hall walking across the parking lot and recognized him. Tudbury requested a records check which revealed that Hall had two outstanding warrants of attachment for contempt of court. The warrants of attachment had been issued for Hall's arrest for failure to pay traffic court fines. On the face of each warrant was a box stamped with the designations of "daytime only," "day or night," and "any public place." The magistrate judge had checked the boxes for "daytime only" and "any public place."

Tudbury and three other police officers returned to the motel on the afternoon of February 26, 1997. Tudbury knocked on the door of Hall's room and identified himself as a police officer. When no one came to the door, Tudbury knocked and identified himself again. Tudbury then used the pass key, supplied by the motel clerk, to unlock the door, but had to force open the chain lock which was fastened. Hall was immediately arrested on the warrants of attachment. The officers saw drug paraphernalia in plain view in the room. Tudbury then filed an affidavit and obtained a search warrant for Hall's motel room.

Hall was charged with possession of marijuana and trafficking in methamphetamine and cocaine. He filed a motion to suppress the drug evidence alleging that the police entry into his motel room was "without a valid search or arrest warrant or any exigent circumstances justifying a warrantless intrusion." The district court denied the motion, holding that the warrants of attachment were the same as warrants of arrest. Pursuant to a Rule 11 agreement, the State dismissed the possession charge and the marijuana charge. Hall subsequently entered a conditional guilty plea to the trafficking charges, reserving the right to appeal the denial of his motion to suppress.

Hall appeals the denial of his motion to suppress. He argues that the forced entry into his motel room pursuant to the two warrants of attachment constituted an unrea-

sonable search and seizure in violation of the Fourth Amendment to the United States Constitution and Article I, Section 17 of the Idaho Constitution.

## II.

### STANDARD OF REVIEW

■ In reviewing an order granting or denying a motion to suppress evidence, we will defer to the trial court's factual findings unless they are clearly erroneous. *State v. Medley,* 127 Idaho 182, 185, 898 P.2d 1093, 1096 (1995). However, we exercise free review over the trial court's conclusions of law and whether the constitutional requirements have been satisfied. *Id.*

## III.

### ANALYSIS

■ It is a generally established principle of constitutional law that the Fourth Amendment requires that police must obtain a warrant from a judge prior to entering an individual's home without consent to make an arrest. *State v. Bradley,* 106 Idaho 358, 359, 679 P.2d 635, 636˙ (1983). While there are numerous exceptions to the warrant requirement, absent a valid exception, a non-consensual entry into a person's home to effectuate an arrest will not be valid. *Payton v. New York,* 445 U.S. 573, 577, 100 S.Ct. 1371, 1375, 63 L.Ed.2d 639, 644 (1980). In addition to providing protection against unreasonable searches and seizures in a defendant's home, this Court has found that such protection extends to a temporary home such as a motel room. *State v. Johnson,* 108 Idaho 619, 622, 701 P.2d 239, 242 (1985) (stating that "police entry into a residential unit, be it a house, apartment, or hotel or motel room, constitutes a search.").

When a warrant has been properly issued for a suspect's arrest, Idaho statutes provide that force may be used to gain entry into the person's home to effect the arrest. Section 19–611 of the Idaho Code permits forcible entries:

> To make an arrest, if the offense is a felony, a private citizen, if any public offense, a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which there is reasonable ground for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired.

I.C. § 19–611.

■ While this statute gives the police broad power in executing a warrant, this power may be restricted or limited. A judge has the inherent power to limit the conditions under which others may execute these warrants. The issuing judge may simply check a stamped box on the face of the warrant. In the case at bar, one of the options that was checked was a limitation that the warrant could only be served in "any public place." This option limited the statutory authority of the police to enter a suspect's home to effect an arrest.

Limitations are routinely placed on the face of warrants when the issuing judge believes that the incident involved does not justify execution of the warrant under all circumstances. Here, the warrants of attachment were issued for Hall's arrest for his failure to pay traffic court fines.

■ Warrants of attachment arise from the contempt power of the court. This power is given to every court in the state—the power "[t]o compel obedience to its judgments, orders and process, and to the orders of a judge out of court in an action or proceedings pending therein." I.C. § 1–1603(4). The issue then becomes under what circumstances a warrant of attachment may be served.

The magistrate judge who signed the warrants of attachment specifically limited when and where the warrants could be served. It is apparent that this contempt charge, in the court's evaluation, did not rise to the level of seriousness that would justify forcible entry into Hall's home. The restriction on the face of the warrant as to "any public place" was ignored when police executed the warrants upon Hall in his motel room. The forcible entry was in the daytime, but since the motel room would qualify as Mr. Hall's "home," the execution was not in a public place. *Johnson,* 108 Idaho at 622, 701 P.2d at 242.

**754**

Therefore, since the warrants of attachment were executed with disregard for the limitation on their faces, the forcible entry into Hall's "home" was invalid and thus, equivalent to a warrantless entry, which is clearly prohibited. *Payton*, 445 U.S. at 577, 100 S.Ct. at 1375, 63 L.Ed.2d at 664.

## IV.

## CONCLUSION

We hold that the warrants of attachment were improperly executed on Hall because they were not served on him in a "public place" as required by the face of the warrant. Therefore the evidence seized in Hall's motel room should have been suppressed. We therefore reverse the district court's decision denying Hall's motion to suppress and remand this case for proceedings consistent with this opinion.

Chief Justice TROUT, Justices SILAK, SCHROEDER, and WALTERS CONCUR.