**Charlie HALL, Plaintiff—Appellant,**

v.

**John TUDBURY, Gary Leeder, Perry Markle and Harry Kindlerberger, Defendants—Appellees.**

No. 00–35831.

D.C. No. CV–99–0588–S–LMB.

United States Court of Appeals, Ninth Circuit.

Submitted March 7, 2002.

Decided April 19, 2002.

Before ALARCÓN, SILVERMAN, Circuit Judges, and TEILBORG,* District Judge.

## MEMORANDUM **

Plaintiff, Charlie Hall ("Hall"), appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 claims for violations of the Fourth Amendment. Specifically, Hall argues that the district court erred in concluding that the defendant police officers acted reasonably in reading the warrants of attachment issued against Hall as allowing the officers to enter Hall's private dwelling. Alternatively, Hall argues that the issue of the "reasonableness" of the officers' reading of the warrants is a disputed issue of fact which must be presented to a jury. Additionally, Hall argues that the district court erred in granting summary judgment on Hall's second claim, which is that the officers entered his motel room without identifying themselves in violation of the Fourth Amendment reasonableness requirement.

The parties are familiar with the facts and the proceedings, and we will refer to them only insofar as necessary to resolve the issues presented on appeal. On February 25, 1997, the defendant officers were called to the motel where Hall was staying. The officers were called by a clerk who believed drug activity was taking place in Hall's room. Defendant Tudbury ob-

---

* The Honorable James A. Teilborg, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

served Hall in the parking lot and recognized him from an on-going narcotics investigation.

Defendant Tudbury was advised that there were two outstanding warrants of attachment for contempt pending against Hall. One warrant stemmed from Hall's guilty plea to driving without privileges, carrying a concealed weapon, and possession of drug paraphernalia. The second warrant was issued following Hall's second guilty plea for driving without privileges. As part of the guilty pleas, Hall agreed to pay certain fines. Hall never paid the fines. As a result, the court found him in contempt and issued the warrants for his failure to pay the fines. The warrants contained two restrictions on service: "Daytime only" and "Any Public Place."

The warrants were served at 3:30 in the afternoon in Hall's motel room. At the time the officers served the warrants, the officers were aware of the underlying charges to which Hall had pled guilty giving rise to the fines which ultimately lead to the warrants. Hall claims that the officers knocked twice and then broke into his motel room. The officers claim that they knocked and identified themselves as police officers three times before breaking into Hall's motel room.

Upon entering Hall's motel room, the officers observed drugs and drug paraphernalia in plain view. Based on this information, the officers obtained a search warrant and searched Hall's motel room. Hall was then arrested for trafficking and possession.

In his criminal case, Hall moved to suppress the evidence obtained as a result of the search of his room on the grounds that the officers entering his motel room was in violation of the restrictions on the warrants. The state trial court judge disagreed with Hall and denied the motion to suppress.

On March 16, 1999, the Supreme Court of Idaho reversed the state trial court's ruling on the suppression motion. The Supreme Court of Idaho concluded that the warrants were served in violation of the restrictions on their face; thus, the officers' entry into Hall's motel room was a warrantless entry.

Subsequently, Hall was released from prison. Hall then filed this action claiming damages under 42 U.S.C. § 1983 for violations of his Fourth Amendment rights. On summary judgment, the district court found that the defendants were entitled to qualified immunity and dismissed Hall's § 1983 action.

We have jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1291. We review a grant of summary judgment *de novo*. *Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir.2001) (citing *Wong v. Regents of the Univ. of Cal.*, 192 F.3d 807, 817 (9th Cir.1999)). Additionally, we review a determination regarding qualified immunity *de novo*. *Elder v. Holloway*, 510 U.S. 510, 516, 114 S.Ct. 1019, 127 L.Ed.2d 344 (1994).

## I. Restrictions on the warrants

Warrantless entry into a home to make a routine arrest violates the Fourth Amendment (subject to certain exceptions not present in this case). *Payton v. New York*, 445 U.S. 573, 576, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980). Based on the ruling of the Idaho Supreme Court, the defendants in this case violated this rule. *See Idaho v. Hall*, 132 Idaho 751, 979 P.2d 624, 627 (Idaho 1999). Pursuant to 42 U.S.C. § 1983, defendants will be held liable for violating Hall's constitutional rights unless they are entitled to qualified immunity.

In the qualified immunity analysis, Hall must first make a *prima facie* showing that the state actor violated his constitu-

tional rights. *See Orin v. Barclay*, 272 F.3d 1207, 1214 (9th Cir.2001); *see also Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). If the facts alleged show a constitutional violation, we determine whether the law was clearly established. *See Saucier*, 533 U.S. at 201. Finally, if the law was clearly established, yet based on the circumstances, the officer made a mistake regarding what the law required, the officer will be entitled to immunity if the mistake was reasonable. *Id.* at 201–02. Under this last prong, we determine whether the officer's conduct was reasonable applying a "reasonable officer" standard. *See Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991); *Act Up!/Portland v. Bagley*, 988 F.2d 868, 873 (9th Cir.1993). The Court makes this final determination based on the information the officer possessed at the time. *Hunter*, 502 U.S. at 227.

Considering the *prima facie* case, Hall states a constitutional violation. Because the officers exceeded the scope of the warrants when then entered Hall's motel room, causing a warrantless entry into Hall's private dwelling, the officers violated Hall's Fourth Amendment rights. Thus, Hall has made a *prima facie* showing of a constitutional violation.

Because Hall has made a *prima facie* showing, we consider whether the law governing warrantless entries into private dwellings was clearly established. The law at the time of Hall's arrest was well settled that an officer could not enter a private residence to make a routine arrest without a warrant. *See Payton*, 445 U.S. at 576. However, until the reversal of Hall's conviction, Idaho law does not appear to have been clearly established as to how restrictions on warrants should be read.

The warrants stated:

MAY BE SERVED:

Daytime only _____

Day or Night _____

Any Public Place _____

Both "Daytime only" and "Any Public Place" were checked by the Magistrate Judge who issued the warrants. Thus, the issue was whether, under Idaho law, these restrictions were to be read conjunctively or disjunctively. In Hall's state court case, the Idaho Supreme Court determined that the restrictions must be read conjunctively. *Hall*, 979 P.2d at 626–27. Thus, the court determined that the warrants had to be served in the daytime *and* in a public place.

█ Based on the Idaho Supreme Court's decision, Hall now argues that the officers' acted unreasonably as a matter of law in the manner in which they served the warrants. However, in this case, the defendants submitted to the district court affidavits or testimony from the defendants, the Magistrate Judge who issued the warrants, and the prosecutor who prosecuted the criminal case, which stated that they all believed that the restrictions were to be read disjunctively.

Based on the testimony of the officers, the Magistrate Judge who issued the warrants, and the prosecutor, it was not clear under Idaho law whether restrictions on warrants should be read conjunctively or disjunctively. Thus, though the law requiring a warrant before entering a private residence was settled, the law in Idaho regarding whether this type of warrant allowed the entry into a private residence during the daytime was arguably unsettled. Based on this state of the law, we must determine whether the officers' conduct was reasonable.

Applying the law as it existed at the time the officers entered Hall's room, a

reasonable officer could have believed that the restrictions on the warrants were to be read disjunctively. This conclusion is based in part on the face of the warrants and in part on the number of people, including the Magistrate Judge who issued the warrants, who believed that the restrictions were to be read disjunctively. Accordingly, as the district court concluded, the officers' interpretation of the warrants was objectively reasonable.

As a alternative argument, Hall argues that even if we will not conclude as a matter of law that the officers' interpretation on the warrants was objectively unreasonable, we should remand the case for trial because a disputed issue of fact exists regarding the service of the warrants. Hall cites *Act Up!/Portland v. Bagley*, 988 F.2d 868 (9th Cir.1993), *Thomas v. Gomez*, 143 F.3d 1246 (9th Cir.1998), and *Knox v. Southwest Airlines*, 124 F.3d 1103 (9th Cir.1997), for the proposition that summary judgment on the basis of qualified immunity should be denied, "if under the plaintiff's version of the facts the officer could not reasonably believe his conduct was lawful." *See Knox*, 124 F.3d at 1108.

The cases Hall cites are inapposite because in this case there are no disputed factual issues. The parties agree as to what was contained in the warrants, the time of day the officers served the warrants, and the location at which the warrants were served. Further, the parties do not dispute the legal significance of either the time of day (that the time of day was "daytime" as it was used on the warrants), or the location (that the location was not a public place as "public place" was used on the warrants). Thus, the only disputed issue is whether the officers' interpretation of the warrants was "reasonable." Based on *Hunter*, it is appropriate for the court to determine whether the conduct was reasonable without sending

the case to a jury. 502 U.S. at 227. Thus, because the officers' interpretation of the warrants was objectively reasonable, and no disputed factual issues exist, the officers are entitled to summary judgment on the basis of qualified immunity.

## II. "Knock and Announce" Requirement

■ Hall also appeals the district court's determination that the officers were entitled to summary judgment on the issue of whether they knocked and announced. Specifically, the district court held:

> [I]n the suppression hearing the [state] district court found that Detective Tudbury had knocked and announced he was a Boise City police officer twice before entering the motel room. Plaintiff did not challenge this factual allegation on appeal to the Idaho Supreme Court. Thus, the facts in this record support a finding that Defendants complied with the 'knock and announce' rule prior to entering Plaintiff's motel room.

Excerpts of the Record at 77–78. Defendants argue that Hall is collaterally estopped, based on the findings of the Idaho courts, from arguing that the officers did not knock and announce. (It is undisputed that the officers knocked, Hall only disputes whether they announced.)

Though it is unclear whether the district court applied collateral estoppel when reaching its decision, we may affirm the district court decision on any ground supported by the record. *See Weiser v. United States*, 959 F.2d 146, 147 (9th Cir.1992).

State law governs the application of collateral estoppel to a state court judgment in a federal civil rights action. *Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir.1990). Idaho applies a five prong analysis to determine whether collateral estoppel will apply in a civil rights action.

*Anderson v. City of Pocatello*, 112 Idaho 176, 731 P.2d 171, 178–79 (Idaho 1986). Specifically, the Idaho Supreme Court has stated:

> The more appropriate test for whether collateral estoppel should apply includes the following: (1) Did the party against whom the earlier decision is asserted ... have a full and fair opportunity to litigate that issue in the earlier case[?] (2) Was the issue decided in the prior litigation identical with the one presented in the action in question? (3) Was the issue actually decided in the prior litigation? This may be dependent on whether deciding the issue was necessary to the prior judgment. (4) Was there a final judgment on the merits? (5) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?

*Id.* (internal citations, quotation marks, and brackets omitted).

In appeals from denials of motions to suppress, the Idaho Supreme Court defers to the findings of fact of the trial court unless they are clearly erroneous. *Hall,* 979 P.2d at 626. In Hall's appeal, the Idaho Supreme Court stated that, "Tudbury knocked on the door of Hall's room and identified himself as a police officer. When no one came to the door, Tudbury knocked and identified himself again." *Hall,* 979 P.2d at 625.

Thus, it is undisputed that the state trial court considered and decided the factual question of whether the officers announced. Further, it is undisputed that the Idaho Supreme Court adopted this finding. Thus, the only obstacle Hall argues to prevent the application of collateral estoppel against him is that because the Idaho Supreme Court reversed on the warrant issue, he did not have the opportunity to have the appellate court review the factual findings made by the trial court. Thus, Hall argues that he did not have a full and fair opportunity to litigate.

Hall had an opportunity to offer evidence at the state trial court regarding whether the officers announced. Further, Hall had the opportunity to dispute that issue on appeal. Nonetheless, both the trial court and the appellate court concluded that the officers announced. Additionally, though the state trial court's decision not to suppress was reversed on the interpretation of the warrant issue, the decision was not vacated. Thus, had the prosecutor had sufficient evidence to proceed against Hall without the suppressed evidence, the other factual findings of the state trial court as adopted by the appellate court would have remained in effect. The fact that the prosecutor, after losing the suppression issue, elected not to pursue further prosecution, does not change the result that the facts not overturned can still be used in the context of collateral estoppel. Thus, Hall had a full opportunity to litigate.

Applying the second prong of collateral estoppel, the factual issue determined by the state trial court and adopted on appeal is the same issue being disputed in this case. Applying the third prong, in its findings of fact, the state trial court actually decided that the officers knocked and announced. The associated question of whether the decided fact was "necessary to" the judgment usually arises in the context of giving collateral estoppel effect to a decision reached by jury verdict. *See e.g. Anderson,* 731 P.2d at 180. Applying this test to a finding of fact by a trial court, in the context of a criminal suppression hearing certain findings must be presumed to

have been made in order for the trial court to ultimately conclude that a particular defendant's rights have not been violated. *See Haupt v. Dillard,* 17 F.3d 285, 289 (9th Cir.1994) (holding that a probable cause determination at the preliminary hearing was necessary to the decision to have the defendant bound over for trial even though the defendant was ultimately acquitted). In this case, for the state trial court to determine that the evidence should not be suppressed, the trial court had to determine that the state met the requirements of the Constitution. Thus, a finding that the officers knocked and announced was necessary to the judgment.

Applying the last two prongs of collateral estoppel, there was a final judgment on the merits and Hall was a party to the previous litigation. Accordingly, all of the prongs of collateral estoppel have been met. Thus, Hall is precluded from re-litigating the issue of whether the officers announced in this case and summary judgment on the knock and announce claim was appropriate.

Moreover, even if collateral estoppel did not apply, no rational juror could find in Hall's favor on the knock and announce claim based on the evidence in this record. The only evidence Hall cites to contradict the officer's testimony that he announced multiple times, is Hall's testimony from the suppression hearing. At that hearing, Hall testified that he was a heavy sleeper, that he was asleep when the officers first came to his motel room, and that he was awakened by knocking at some point. From this testimony, Hall does not create a genuine issue of fact as to whether the officers announced because he was admittedly asleep during the time the officers claim to have been announcing. Therefore, summary judgment was appropriate.

Accordingly, the decision of the district court is AFFIRMED.