**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49556**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 31, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CASSANDRA KATHLEEN FELL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Erik R. Lehtinen, Interim State Appellate Public Defender; Emily M. Joyce, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Cassandra Kathleen Fell appeals from her judgment of conviction for possession of a controlled substance. Fell challenges the district court's order denying her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Fell and her companion were staying at a hotel in Boise. Law enforcement was dispatched to the hotel following two 911 calls reporting a domestic disturbance. The first call was from the hotel clerk who contacted 911 after receiving a report from a hotel guest staying in the room directly below Fell's. The hotel guest reported hearing vulgar and threatening language coming from the room above. The hotel guest also called 911 and reported the same concerns directly to

dispatch. The hotel guest told the 911 dispatcher that she heard a male and female voice yelling and that it sounded "like violence [was] going on." When the officers arrived, the hotel clerk provided them a key and informed them the room should be unoccupied because hotel records showed no one registered to the room where the reported fight was occurring.[1] One officer asked the hotel clerk if any occupants should be removed from the room for trespassing, the hotel clerk said yes.

When the officers approached the room, they could see lights on and heard noise coming from inside. One officer knocked on the door but received no response. The officer knocked again and heard someone approach the door and what sounded like a female crying. The officer identified himself as a police officer and asked the occupant to answer the door. The officer then heard someone walk away from the door, followed by the sound of another door closing inside the hotel room. Based on the officer's training and experience with handling domestic calls, he believed that someone inside might have been trying to barricade himself or herself or that someone might be injured or being held against his or her will. The officer, therefore, opened the door with the key card, announced himself as a police officer again, and ordered any occupants of the room to show him their hands. As the officer entered, Fell walked into the center of the hotel room. Fell was wiping her eyes and her make-up was smudged. The officer handcuffed Fell and performed a protective sweep of the hotel room. During the sweep, the officer observed numerous syringes in plain view, some of which appeared to be used. After being read her *Miranda*[2] rights,

---

[1] It was later determined that the hotel records were incorrect and Fell's companion was registered to the room. However, analysis of whether exigent circumstances existed includes consideration of the information available to the officers at the time of the challenged conduct, which included incorrect information that the room should not be occupied. Reasonable mistakes of fact are properly considered when evaluating whether a Fourth Amendment violation occurred. *See Heien v. North Carolina*, 574 U.S. 54, 61 (2014) (recognizing that "searches and seizures based on mistakes of fact can be reasonable"); *see also State v. Kimball*, 141 Idaho 489, 493, 111 P.3d 625, 629 (Ct. App. 2005) (noting Fourth Amendment not violated when seizure is based on mistake so long as the mistake is "one that would be made by a reasonable person acting on the facts known to the officer").

[2] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

2

Fell admitted to the officer that she owned the syringes and had recently used heroin. Fell then consented to a search of her backpack where the officer found approximately 0.2 grams of heroin.

The State charged Fell with possession of a controlled substance and possession of drug paraphernalia. Fell moved to suppress the evidence found in the hotel room, asserting a violation of her Fourth Amendment rights. The district court denied the motion. Fell subsequently pled guilty to possession of a controlled substance, I.C. § 37-2732(c), and reserved her right to appeal the denial of her motion to suppress. The State dismissed the paraphernalia charge. Fell appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Fell contends the district court erred in denying her motion to suppress, asserting that the officer's warrantless entry into the hotel room where she was staying violated her Fourth Amendment rights. Specifically, Fell argues that the facts known to the officer at the time of his entry did not support the district court's finding that exigent circumstances justified a warrantless entry into the hotel room. The State responds that the totality of the circumstances known by the officer at the time justified the warrantless entry. We affirm.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Fourth Amendment protections extend to a temporary home, such as a lawfully rented hotel room. *Hoffa v. United States*, 385 U.S. 293, 301 (1966); *State v. Hall*, 132 Idaho 751, 753, 979 P.2d 624, 626 (1999). Warrantless searches are presumed to be unreasonable and therefore violative of the

3

Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id*.

One such exception exists where exigent circumstances make the needs of law enforcement so compelling that the warrantless search is objectively reasonable under the Fourth Amendment. *Mincey v. Arizona*, 437 U.S. 385, 394 (1978). Exigencies that justify a warrantless entry include the risk of danger to the police or to other persons inside or outside the dwelling. *Minnesota v. Olson*, 495 U.S. 91, 100 (1990); *State v. Pearson-Anderson*, 136 Idaho 847, 849-50, 41 P.3d 275, 277-78 (Ct. App. 2001). Whether the exigency exception to the warrant requirement applies depends on whether the facts known to the police, together with reasonable inferences drawn therefrom, warrant a person of reasonable caution in believing that the action taken was appropriate. *Pearson-Anderson*, 136 Idaho at 849-50, 41 P.3d at 277-78. A claim of exigency must be scrutinized to ensure that it is not a mere pretext for entries and searches that otherwise require a warrant; however, courts should avoid second-guessing police decisions made based on a legitimate belief that life may be at stake. *Id.* at 850, 41 P.3d at 278.

The "exigencies of domestic abuse cases present dangers that, in an appropriate case, may override considerations of privacy." *United States v. Brooks*, 367 F.3d 1128, 1136 (9th Cir. 2004). "Courts have recognized the combustible nature of domestic disputes and have accorded great latitude to an officer's belief that warrantless entry was justified by exigent circumstances when the officer had substantial reason to believe that one of the parties to the dispute was in danger." *Tierney v. Davidson*, 133 F.3d 189, 197 (2d Cir. 1998). However, not every call concerning domestic abuse creates a per se exigent need for a warrantless entry. *Brooks*, 367 F.3d at 1136. Instead, courts must assess the totality of the circumstances presented to law enforcement before any search or seizure in order to determine whether exigent circumstances relieved the officer of the need for a warrant. *Id*.; *see also State v. Wiedenheft*, 136 Idaho 14, 16, 27 P.3d 873, 875 (Ct. App. 2001) (noting that a report of domestic violence does not per se amount to exigent circumstances).

When responding to reports of potential domestic disputes, this Court has previously recognized that unconsciousness or unresponsiveness, along with factors tending to indicate

4

distress, may amount to exigent circumstances. *State v. Heard*, 158 Idaho 667, 669, 350 P.3d 1044, 1046 (Ct. App. 2015). Conversely, exigent circumstances do not exist when there is no obvious sign of distress and there are less intrusive means to determine whether there is an immediate need to enter the home. *State v. Sessions*, 165 Idaho 658, 661, 450 P.3d 306, 309 (2019); *State v. Reynolds*, 146 Idaho 466, 471, 197 P.3d 327, 332 (Ct. App. 2008).

In this case, the district court found, based upon the totality of the circumstances known to the officer, that the warrantless entry was justified by exigent circumstances. The district court described the situation encountered by the officers, first noting two 911 calls reporting a domestic disturbance that involved vulgar and threatening language and "like violence [was] going on." The district court found that the officers approached the hotel room with the reasonable belief that it should have been unoccupied given the information provided by the hotel clerk when the officers first responded. One of the responding officers testified that, when he approached the hotel room, he heard talking. He also noticed the lights were on inside the room. The officer knocked and heard someone inside the room approach the door and the officer heard a female crying. However, no one opened the door. Instead, the footsteps were followed by the sound of a door closing inside the hotel room. The officer knocked again, announced "Boise Police," and said "answer the door." Again, there was no response. Based on these circumstance and the officer's training and experience responding to domestic violence calls, the officer believed that someone could be further barricading himself or herself in the room, someone could be being held against his or her will, someone was trying to prevent law enforcement contact, or someone could be injured. As a result, the officer used the key card provided by the hotel clerk in order to access the room. The district court concluded that the facts known to the officer at the time of entry justified the warrantless entry into the hotel room based upon exigent circumstances.[3]

On appeal, Fell argues that the district court erred in finding exigent circumstances, contending the facts presented to the officer at the time of his warrantless entry were insufficient

---

[3] Fell notes that the district court's exigent circumstances analysis seems to have included information not known to the officer at the time of entry into the hotel room, including Fell's distressed appearance. Fell argues her appearance should not have been considered since it was knowledge the officer gained only after entering the hotel room. We agree and do not consider that information in evaluating whether an exigency existed in this case. *See Pearson-Anderson*, 136 Idaho at 849-50, 41 P.3d at 277-78.

to support a reasonable belief that there was a person in imminent danger of harm in the hotel room. In particular, Fell notes there were no obvious signs of distress when the officer arrived and that the officer had less intrusive means available to determine whether someone in the hotel room needed immediate medical aid. Fell relies on *Reynolds* to support her argument.

In *Reynolds*, officers responded to the defendant's residence to investigate a report that the defendant's wife was being held against her will. *Reynolds*, 146 Idaho at 468, 197 P.3d at 329. When officers arrived, they contacted the defendant who was standing alone outside the house with the front door ajar. While the defendant was being questioned about the reported altercation, another officer entered the home through the partially opened front door. The officer entered the home without knocking and announcing his presence and despite not hearing any noises coming from inside the house. *Id.* at 468-69, 197 P.3d at 329-30. When evaluating the totality of the circumstances present at the time of the officer's warrantless entry, this Court reasoned "it was apparent that if there was a woman in the house, she was under no immediate risk of harm from [the defendant] while he was outside being questioned by an officer." *Id.* at 471, 197 P.3d at 332. We, therefore, concluded "there was no exigency that would justify entry into the house without first knocking or calling out to bring any occupants to the door where she could be interviewed and the situation assessed." *Id.*

*Reynolds* is distinguishable for two reasons. First, there is a difference between the circumstances known to officers upon their arrival in this case as compared to the circumstances known to the officers upon arriving at the residence in *Reynolds*. In *Reynolds*, the sole factor which suggested a possible exigency was the report that the defendant's wife was being held against her will. *Id.* at 471, 197 P.3d at 332. However, by the time the officers arrived at the defendant's residence, he was standing outside, the couple was separated, the front door was ajar, and there were no sounds coming from inside. *Id.* As the Court pointed out, it was clear by the time the officers arrived that, "if there was a woman in the house, she was under no immediate risk of harm." *Id.* In this case, the totality of the circumstances presented to the officer when he responded to the hotel room where Fell was staying were different. The officers were investigating a domestic disturbance that reportedly sounded violent in a hotel room the officers were told should be unoccupied. This information was corroborated by the sound of a female crying when the officers were outside the room and the occupants refused to open the door despite the officers

6

announcing their presence and knocking twice. Thus, unlike in *Reynolds*, nothing dispelled the officers concerns upon arriving at the scene.

Second, contrary to Fell's argument, the officer did attempt to use less intrusive means to determine whether someone inside the hotel room required immediate medical assistance. Unlike in *Reynolds*, the officer in this case twice knocked on the hotel room door and identified himself as a police officer. It was only after getting no response despite knocking, identifying himself, and asking the occupants to answer that the officer used the key card to access the room due to legitimate concerns based on the 911 calls and the additional information available at the time of entry.[4] The district court correctly concluded that the officers' warrantless entry was justified by exigent circumstances.

Fell has failed to show error in the denial of her motion to suppress.

## IV.

## CONCLUSION

The district court correctly concluded the officers' warrantless entry into the hotel room where Fell was staying was permissible under the exigent circumstances exception to the warrant requirement. Fell has failed to show the district court erred in denying her motion to suppress. Accordingly, Fell's judgment of conviction for possession of a controlled substance is affirmed.

Judge GRATTON and Judge HUSKEY, **CONCUR**.

---

[4]     Fell contends that, because the officer briefly covered the peephole to the hotel room door at one point, it was reasonable for her not to answer. The officer testified that he initially covered the peephole for a few seconds after the first knock for officer safety "in case there's somebody on the other side of the door with a potential firearm so they can't ascertain our position." The officer's action does not foreclose a finding of exigency in part because the officer identified himself, knocked again without covering the peephole, and asked the occupants to answer.