**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38702**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 392 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: March 6, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JASON LEE BURGESS, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Richard D. Greenwood, District Judge.

Order of the district court denying motion to suppress, <u>affirmed</u>; judgment of conviction and unified sentence of seven years, with a minimum period of confinement of two years for possession of a controlled substance, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Elizabeth Ann Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Jason L. Burgess appeals from his judgment of conviction and sentence entered following his conditional guilty plea to possession of a controlled substance with a persistent violator enhancement. Idaho Code §§ 37-2732(c), 19-2514. Burgess specifically alleges that the district court erred in denying his motion to suppress evidence and by imposing an excessive sentence.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Burgess was charged with possession of a controlled substance under I.C. § 37-2732(c). The State later amended the charges, adding a persistent violator of the law enhancement. Burgess filed a motion to suppress, asserting that the evidence was seized as a result of an illegal arrest. Burgess claimed that officers illegally arrested him prior to the issuance of an agent's warrant and without probable cause. The State argued that Burgess waived his Fourth

1

Amendment rights as a condition of parole and the search was allowed by the terms and conditions of Burgess's parole release agreement. During his testimony at the hearing on the motion, Burgess reiterated his claim, yet acknowledged he was on parole and consented to searches of his person or property at any time.

Ms. Shaw, a probation and parole officer, testified that although she was not Burgess's parole officer, she was on call at the time of the search and arrest in question. Shaw received a phone call from Officer Beaudoin and authorized him to arrest Burgess on an agent's warrant. She also gave Officer Beaudoin the authority to search Burgess subject to his parole waiver. Shaw did not, however, issue the agent's warrant until after Burgess was arrested.

Officer Beaudoin testified that: (1) while on duty he made a call to Shaw to inquire about Burgess; (2) he received authorization to arrest Burgess on an agent's warrant if Burgess could be located; (3) after detaining Burgess he called for a drug dog; (4) the dog alerted on a computer bag inside the vehicle; (5) he again called Shaw to ask for authorization to search the bag; and (6) he received authorization from Shaw. Burgess did not controvert Officer Beaudoin's testimony.

The district court ultimately denied the suppression motion. Burgess conditionally pled guilty to the possession of a controlled substance, reserving the right to challenge the district court's denial of his suppression motion. The district court imposed a seven-year term, with two years determinate. Burgess timely appealed the denial of his suppression motion and the district court's judgment of conviction and commitment on the basis that his sentence was excessive.

## II.

## DISCUSSION

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

2

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement in the Fourth Amendment of the United States Constitution and Article I, Section 17 of the Idaho Constitution. *State v. Cruz*, 144 Idaho 906, 908, 174 P.3d 876, 878 (Ct. App. 2007); *see also State v. Curl*, 125 Idaho 224, 225, 869 P.2d 224, 225 (1993); *State v. McIntee*, 124 Idaho 803, 804, 864 P.2d 641, 642 (Ct. App. 1993). Idaho appellate courts have long recognized that parolees and probationers have a diminished expectation of privacy and will enforce Fourth Amendment waivers as a condition of parole or probation. *Cruz*, 144 Idaho at 908, 174 P.3d at 878; *see also State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987); *State v. Peters*, 130 Idaho 960, 963, 950 P.2d 1299, 1302 (Ct. App. 1997).

The United States Supreme Court has analyzed the constitutionality of warrantless searches of parolees and probationers under the general Fourth Amendment approach of examining the totality of the circumstances. *See Samson v. California*, 547 U.S. 843, 848 (2006); *United States v. Knights*, 534 U.S. 112, 118 (2001). Whether a search is reasonable is determined by assessing, on the one hand, the degree to which it intrudes upon an individual's privacy and, on the other, the degree to which it is needed for the promotion of legitimate governmental interests. *Samson*, 547 U.S. at 848; *Knights*, 534 U.S. at 118-19.

In *Knights*, a probationer challenged a warrantless search of his residence. The United States Supreme Court noted that the probationer's expectation of privacy was significantly diminished by a condition of his probation whereby he was subject to a search of his person or residence, without a warrant or reasonable cause, by any probation officer or law enforcement officer at any time. The Court held that, when an officer has "reasonable suspicion" that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable. *Knights*, 534 U.S. at 121. The Supreme Court declined to decide, however, whether the probation condition so diminished, or completely eliminated, the probationer's reasonable expectation of privacy that a search, unsupported by individualized suspicion, would have been reasonable. *See id.* at 120 n.6.

In *Samson*, the United States Supreme Court addressed the constitutionality of a search of a parolee on a public street conducted by an officer who possessed no individualized suspicion of the defendant, other than his knowledge that the defendant was a parolee. The parolee had

3

agreed to a search condition, set forth by California law, whereby he was subject to search or seizure by a parole officer or other peace officer at any time, with or without a search warrant, and with or without cause. *See* Cal. Penal Code Ann. § 3067(a) (West 2000). The Supreme Court held that a completely suspicionless search of the parolee on a public street was reasonable because the parolee's diminished expectation of privacy was outweighed by the State's substantial interest in supervising parolees. *See Samson*, 547 U.S. at 848. The parolee did not have an expectation of privacy that society would recognize as legitimate because of his status as a parolee, including the broad search condition. *Id.* at 852. While the Supreme Court reasoned that parolees have even fewer expectations of privacy than probationers, it disavowed the proposition that parolees, like prisoners, have no Fourth Amendment rights, *id.* at 850 n.2, and recognized California's prohibition against "arbitrary, capricious, or harassing" parole searches. *Id.* at 843.

Like the parole condition in *Samson*, Burgess's parole condition significantly diminished his reasonable expectation of privacy because it subjected him to searches of person or property, including residence and vehicle, at any time and place, and did not expressly require reasonable suspicion or other grounds. The State has a substantial interest in monitoring and enforcing limitations on the behavior of probationers and parolees. *Id.* at 853. The search was conducted by a police officer and did not exceed the scope of the search condition because the parole condition authorized such searches. Moreover, the record does not indicate that Officer Beaudoin conducted the search with the intent to harass Burgess or to use Burgess's suspected presence solely as a pretext to search the vehicle. *See State v. Misner*, 135 Idaho 277, 281, 16 P.3d 953, 957 (Ct. App. 2000). Officer Beaudoin was aware that Burgess had violated his parole prior to conducting the search. The search was valid.

Burgess claims that evidence seized was a "result of an illegal arrest perpetrated by police and the subsequent unlawful, unconstitutional search of [his] pickup." Burgess alleges that the search was incident to arrest and because the arrest was invalid, so too should be the search. However, the search was the product of Burgess's parole conditions, and not an incident of arrest. The terms of Burgess's parole conditions explicitly authorize searches. The evidence Burgess sought to suppress was the fruit of the lawful search, as detailed above, and not the subsequent arrest or incident to arrest. The evidence at issue is the methamphetamine found in Burgess's computer bag. The bag was discovered during the search of the vehicle that Burgess

was in.  According to the conditions of Burgess's parole, he was required to "submit to a search of person or property, to include residence and vehicle, at any time and place by any agent of Field and Community Services s/he does waive constitutional right to be free from such searching."  Burgess therefore cannot claim a constitutional violation because the arrest did not produce the evidence at issue and he waived the right to challenge the search as a condition of his parole.  Thus, whether the police conducted an illegal arrest is irrelevant because the evidence in question did not result from the arrest.  The district court did not err in denying Burgess's motion to suppress.

Next, Burgess asserts that the district court imposed an excessive sentence.  An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion.  *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case."  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Having reviewed the record before the district court, including the nature of this offense and Burgess's lengthy previous record of criminal behavior, we conclude that Burgess has failed to show an abuse of discretion by the district court.  Burgess's sentence of seven years, with two years determinate is not excessive.

## III.
## CONCLUSION

We conclude that the district court did not err in denying Burgess's motion to suppress or abuse its discretion in sentencing Burgess. Accordingly, the district court's denial of Burgess's motion to suppress and Burgess's judgment of conviction and sentence are affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**