IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 48043

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: July 27, 2021 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| REBECCA DAWN WHEELER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Roger B. Harris, District Judge.

Judgment of conviction for two counts of possession of a controlled substance and one count of possession of drug paraphernalia, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Rebecca Dawn Wheeler appeals from the judgment of conviction entered on her conditional guilty plea to two counts of possession of a controlled substance and one count of possession of drug paraphernalia. Wheeler asserts the district court erred in denying her motion to suppress. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2019, Wheeler's sister called police dispatch to report Wheeler was living in a residence in Twin Falls and had an outstanding arrest warrant. Officers Egan and Becerra were dispatched to the residence where they located Wheeler, arrested her, and found marijuana in plain view and methamphetamine and drug paraphernalia in her purse, which was on her

1

person when she was arrested. As a result, the State charged Wheeler with felony possession of methamphetamine, Idaho Code § 37-2732(c)(1); misdemeanor possession of marijuana, I.C. § 37-2732(c)(3); and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A.

Wheeler moved to suppress all the evidence seized during the arrest. At the evidentiary hearing, the district court indicated it reviewed a recording of the dispatch call and the videos from Officer Egan's and Officer Becerra's body cameras. Also Officer Egan, Officer Becerra, and Wheeler's sister testified.

Officer Egan testified that before arriving at the residence, he confirmed Wheeler had an active warrant for her arrest and reviewed her driver's license, noting her photo, name, date of birth, physical description and address, which was the same address that Wheeler's sister had given to dispatch. When the officers arrived at the residence, Officer Egan spoke to a woman outside the residence who claimed to be the individual who called dispatch and told him where Wheeler could be located in the residence. The officer entered the residence and located Wheeler, whom Officer Egan recognized from her driver's license photo. After arresting her, Officer Egan seized marijuana that was on a table in plain view and searched Wheeler's purse, which was on her person when she was arrested. In the purse, Officer Egan found methamphetamine and drug paraphernalia. Wheeler's sister testified, among other things, that Wheeler had been living at the residence where she was arrested.

The district court ruled from the bench denying Wheeler's motion. The court noted that "arrest warrants . . . carry with them the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within," and it noted that the officers had "a reasonable belief that the suspect [was] probably within that residence." Alternatively, the court ruled that, although the officers did not need consent to enter the residence due to the arrest warrant, Wheeler's sister had apparent authority to consent and did consent to the officers entering the residence.

After the district court denied her suppression motion, Wheeler conditionally pled guilty to all the charges and reserved her right to appeal the denial of the suppression motion. Wheeler timely appeals.

2

## II.

### STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

### III.

### ANALYSIS

A warrantless entry into a private residence is presumptively prohibited by the Fourth Amendment. *Payton v. New York,* 445 U.S. 573, 586 (1980); *State v. Curl*, 125 Idaho 224, 225, 869 P.2d 224, 225 (1993). For Fourth Amendment purposes, however, "an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." *Payton*, 445 U.S. at 603; *see also State v. Northover*, 133 Idaho 655, 659, 991 P.2d 380, 384 (Ct. App. 1999) ("[A] police officer may enter a suspect's house to execute an arrest warrant when the officer has reason to believe the suspect is inside.").

Wheeler acknowledges that a police officer may enter a suspect's residence to execute an arrest warrant based on a reasonable belief the suspect is in the residence. Further, Wheeler does not dispute the validity of the arrest warrant the officers were executing or that the officers' purpose in entering the residence was to execute the arrest warrant. Finally, Wheeler does not dispute the district court's findings that "the officers had confirmed the address on [Wheeler's] driver's license and that when the officers arrived at the residence, a person coming from the residence confirmed that [Wheeler] was inside." Mindful of the district court's findings and the applicable law, Wheeler contends the district court erred in denying her motion to suppress.

The district court did not err in denying Wheeler's motion to suppress. The officers had a reasonable basis to believe Wheeler was inside the residence based on the address on her driver's

license and the confirmation of her presence by a person coming from the residence. Accordingly, the officers were justified in entering the residence to execute the arrest warrant.

Further, Wheeler acknowledges the district court's alternative ruling that the officers had consent to enter the home based on the apparent authority of Wheeler's sister to give such consent. Wheeler, however, fails to challenge this alternative ruling. When a district court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis. *Rich v. State*, 159 Idaho 553, 555, 346 P.3d 254, 256 (2015).

## IV.

## CONCLUSION

Substantial evidence and the applicable law support the district court's order denying Wheeler's motion to suppress. Accordingly, we affirm the judgment of conviction.

Chief Judge HUSKEY and Judge GRATTON **CONCUR**.

4